UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | |
|---|---|
| VICKIE THORNBURG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:05-cv-1378- RLY-TAB |
| ) | |
| STRYKER CORPORATION, et al. ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANT STRYKER CORPORATION'S MOTION TO DISMISS**

**I.     Introduction.**

Plaintiff Vickie Thornburg filed a products liability and medical malpractice lawsuit in Marion Superior Court on August 11, 2005.  [Docket No. 1, Ex. 1.]  Claiming diversity jurisdiction, Defendants Stryker Corporation ("Stryker") and Howmedica Osteonics Corp. d/b/a Stryker Orthopaedics ("Howmedica") removed her case to this Court.  [Docket No. 1.]  Stryker then moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  [Docket No. 7.]  Plaintiff did not respond directly to this motion, but instead moved to remand her case to state court and requested attorneys fees related to her motion.  [Docket No. 15, ¶¶ 1-3, 25.]  Stryker and Howmedica objected to remand.  [Docket No. 19.]  For the reasons set forth below, the Magistrate Judge recommends that both motions be DENIED.

## II.     Discussion.

### A.     Plaintiff's motion to remand.

Plaintiff brings products liability claims against Stryker and Howmedica and medical malpractice claims against an anonymous doctor and anonymous medical group. Plaintiff alleges that both anonymous Defendants are Indiana citizens. [Docket No. 15, ¶ 2.] Consistent with the state medical malpractice statute, Plaintiff also filed a medical malpractice claim with the Indiana state medical review panel. Indiana's medical malpractice act precludes Plaintiff from naming the medical malpractice Defendants while her claim is pending before the medical review panel. Ind. Code § 34-18-8-7. Nonetheless, since Plaintiff is herself an Indiana citizen, she contends that the anonymous Defendants and her intent to amend her complaint to name these Indiana Defendants when she is legally permitted to do so deprive this Court of diversity jurisdiction. [Docket No. 15, ¶¶ 1-3, 16.]

Stryker and Howmedica contend that the Court may not consider the citizenship of medical malpractice defendants when those defendants remain anonymous pursuant to Indiana's medical malpractice act. [Docket No. 19, p. 2.] In fact, they argue that 28 U.S.C. § 1441(a) explicitly mandates exclusion of fictitiously named defendants from a court's diversity analysis. [*Id.*] The Court agrees.[1]

Stryker and Howmedica removed Plaintiff's complaint from the Marion Superior Court on the basis of diversity jurisdiction. [Docket Nos. 1, 9.] The removal statute, 28 U.S.C. § 1441(a), unequivocally states that "for purposes of removal under this chapter, the citizenship

---

[1] Stryker and Howmedica further argue that the doctrine of fraudulent joinder provides the Court an additional basis to deny Plaintiff's motion. The Court finds it unnecessary to assess this doctrine's applicability to this matter.

of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). As it relates to this statute, "naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiff's." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997).

Chief Judge McKinney had this exact issue before him in *Bush v. Hospital 1,* IP 00-1818-C-M/S (Jan. 22, 2001) (unpublished order). In *Bush*, the plaintiff argued that anonymously named defendants in a lawsuit that included medical malpractice claims destroyed diversity jurisdiction and entitled her to remand. Chief Judge McKinney disagreed, and held that the action had been properly removed. *Id*. *See also Miller Brewing Co. v. ACE U.S. Holdings, Inc.*, 391 F. Supp. 2d 735, 738 (E.D. Wis. 2005) (court presiding over insurance breach of contract case noted that, consistent with 28 U.S.C. § 1441(a), unnamed defendants did not thwart diversity jurisdiction where named parties' citizenship was diverse); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (relying on 28 U.S.C. § 1441(a), the court held that a products liability plaintiff who claimed an anonymous defendant destroyed diversity jurisdiction was not entitled to remand of removed case where plaintiff failed to amend his complaint to name anonymous defendant before the court entered judgment); *Barragan v. Warner-Lambert Co.*, 216 F. Supp. 2d 627, 631 n.3 (W.D. Tex. 2002) (the court disregarded the citizenship of unnamed defendants pursuant to 28 U.S.C. § 1441(a) when considering whether an admittedly non-diverse named defendant was fraudulently joined to defeat diversity jurisdiction in a medical malpractice/product liability case).

In support of her position, Plaintiff relies on *Casas Office Machines, Inc. v. Mita Copystar America, Inc*., 42 F.3d 668, 673 (1st Cir. 1995), and *Doleac v. Michalson*, 264 F.3d

470, 477 (5th Cir. 2001). However, the circumstances in these cases are critically distinct from the facts presented here. In both *Casas* and *Doleac*, the jurisdictional issues were presented in connection with or subsequent to the plaintiffs' actual amendment of their complaints to add non-diverse defendants.[2] In this case, Plaintiff has not yet sought to amend her complaint because the state medical malpractice statute precludes her from doing so. The named Defendants' and Plaintiff's citizenship is -- without dispute -- diverse, and the Court may not consider the anonymous Indiana Defendants' citizenship to assess the existence of diversity jurisdiction.

To hold otherwise would place Defendants' right to removal in peril because the completion date of the medical panel process is uncertain and removal is constrained by a statute of limitations. Further, there is no guarantee that Plaintiff will ever seek to amend her complaint. As the named Defendants noted, Plaintiff may settle her claims against the anonymous Defendants, face an adverse ruling from the panel that might preclude any amendment, or otherwise decide not to seek to amend her complaint. Thus, removal of this case is proper, and the Magistrate Judge recommends that Plaintiff's motion to remand be denied.[3]

---

[2] In *Casas*, 42 F.3d at 670, the jurisdictional issue was raised for the first time on appeal. The First Circuit resolved the issue by concluding that, although diversity jurisdiction was destroyed, the fictitious defendants were dispensable and could be dismissed to preserve jurisdiction. *Id*. at 675-78. In *Doleac*, 264 F.3d at 474, the district court permitted joinder of a non-diverse defendant and then remanded the case because diversity was destroyed. The Fifth Circuit, approving of the First Circuit's reasoning in *Casas*, agreed that the addition of a non-diverse defendant destroyed jurisdiction, but found it lacked jurisdiction to consider the appeal. *Doleac*, 264 F.3d at 476-77, 493.

[3] This would render Plaintiff's request for attorneys fees moot.

**B.     Defendant Stryker's motion to dismiss.**

Stryker moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). [Docket No. 8, p. 1.] "A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Cler v. Illinois Educ. Ass'n.*, 423 F.3d 726, 728 (7th Cir. 2005). This means that "dismissal under Rule 12(b)(6) is only appropriate when there is no possible interpretation of the complaint under which it can state a claim." *Flannery v. Recording Industry Ass'n of America*, 354 F. 3d 632, 637 (7th Cir. 2004).[4]

Stryker contends that Plaintiff's claims "must be dismissed because Stryker Corporation did not design, manufacture, assemble, market, or sell the medical devices which Plaintiff claims caused her injuries." [Docket No. 8, p. 1.] While the Court is tempted to issue a summary ruling in favor of Stryker given Plaintiff's failure to respond,[5] the Court declines to do so at this juncture. This case's procedural chronology suggests that Plaintiff's failure to respond directly to the motion to dismiss was the result of a tactical strategy to file a motion to remand rather than Plaintiff's concession to Stryker's arguments. Plaintiff alleges that Stryker "designed, promoted, marketed, manufactured, assembled and sold" the product at issue in this litigation. [Docket No.

---

[4] In support of its motion, Stryker submits material outside of the pleadings in the form of a declaration from its associate counsel Michael Puca. [Docket No. 8, Ex. 1.] Puca's declaration does no more than restate the denials provided by Stryker in its answer to Plaintiff's complaint. Therefore, the Court will consider only the pleadings, and it declines to convert this motion into one for summary judgment. *See R.J. Corman Derailment Services, LLC v. International Union of Operating Engineers, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003) (reiterating that "if on a motion under [Rule 12(b)(6)] matters outside the pleadings are presented to and not excluded by the court, then the motion must be converted to one for summary judgment under Fed. R. Civ. P. 56. ").

[5] See Local Rule 7.1 ("Failure to file an answer brief or reply brief within the time prescribed may subject the motion to summary ruling.").

1, Ex. 1, p. 2.] She also alleges that: (1) the product was negligently designed; (2) Stryker "failed to warn of the system's propensity for failure"; and (3) Stryker's "negligence and carelessness in the manufacture, design, and failure to warn" caused her injury. [*Id*. at 3.] As such, Plaintiff's complaint states a claim. Stryker simply disagrees with these allegations. However, Stryker's denials at the Rule 12(b)(6) stage do not nullify the sufficiency of Plaintiff's allegations. If Plaintiff believes she can develop the factual record to support her claims against Stryker, she must be permitted that opportunity.[6]

**III.   Conclusion.**

For the reasons stated above, the Magistrate Judge recommends that Plaintiff Vickie Thornburg's motion to remand [Docket No. 15] and Defendant Stryker's motion to dismiss [Docket No. 7] be DENIED.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within the ten days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 01/27/2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[6] However, if Plaintiff in fact concedes that these claims are doomed, Plaintiff should stipulate to the dismissal of Stryker.

Copies:

Mary Beth Ramey
RAMEY & HAILEY
office@sprynet.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

John David Hoover
HOOVER HULL BAKER & HEATH LLP
jdhoover@hoolverhull.com

Sarah Stites Fanzini
HOOVER HULL BAKER & HEATH LLP
sfanzini@hooverhull.com

William Joseph Spalding
HOOVER HULL BAKER & HEATH LLP
wspalding@hooverhull.com