UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VICKIE THORNBURG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:05-cv-1378-RLY-TAB |
| | ) | |
| STRYKER CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION ON DEFENDANT
STRYKER CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

**I.      Introduction.**

Plaintiff Vickie Thornburg underwent hip replacement surgery in 2003 and subsequently filed a products liability and medical malpractice lawsuit related to that procedure.  [Docket No. 1, Ex. 1.]  With respect to the products liability claim, Plaintiff alleges that Defendants Stryker Corporation ("Stryker") and Howmedica Osteonics Corp. d/b/a/ Stryker Orthopaedics ("HOC") "designed, promoted, marketed, manufactured, assembled and sold" the hip replacement system and components at issue in her hip replacement.  [Pl. Compl. ¶ 5.]  Stryker moves for summary judgment contending that it did not "manufacture, design, or sell the medical device which plaintiff claims caused her injuries."  [Docket No. 32.]  For the reasons set forth below, the Magistrate Judge recommends that Stryker's motion for summary judgment [Docket No. 32] be GRANTED.

## II.        Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Illinois Central Railroad Co. v. South Tec Development Warehouse, Inc.*, 337 F.3d 813, 816 (7th Cir. 2003).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Fritcher v. Health Care Service Corp.*, 301 F.3d 811, 815 (7th Cir. 2002), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court construes all facts and draws all reasonable inferences in the light most favorable to the non-moving party.  *J.S. Sweet Co., Inc. v. Sika Chemical Corp.*, 400 F.3d 1028, 1032 (7th Cir. 2005).

## III.       Non-compliance with summary judgment and ethical rules.

Rule 56 of the Federal Rules of Civil Procedure provides an avenue for testing the sufficiency of claims and for determining whether there are disputes of material fact that require resolution by a trier of fact.  *See Vukadinovich v. Board of School Trustees of North Newton School Corp.*, 278 F.3d 693, 699 (7th Cir. 2002) ("The primary purpose of summary judgment is to dispose of claims that have no factual support, and therefore, the nonmovant must respond with affidavits or otherwise, 'setting forth specific facts showing that there is a genuine issue for trial.'") (internal citation omitted).  Local Rule 56.1 outlines this district's procedures for presenting these issues.  Accordingly, the nonmoving party must file a brief containing a section "labeled 'Statement of Material Facts in Dispute' which responds to the movant's asserted

material facts by identifying the potentially determinative facts and factual disputes which the nonmoving party contends demonstrates that there is a dispute of fact precluding summary judgment." Local Rule 56.1(b). The facts must be supported by citation to admissible evidence. *Id.*

Stryker asserts that Plaintiff's response does not contain a statement of material facts in dispute. Further, Stryker contends that Plaintiff's evidence is not admissible because it is not authenticated, contains hearsay, and was obtained in contravention of the Indiana Rules of Professional Conduct. The Court agrees.

Plaintiff's brief lacks a statement of material facts in dispute. As Stryker notes, Plaintiff fails to respond to any of the facts asserted by Stryker. While Local Rule 56.1 "does not require a nonmoving party to respond to each and every fact, point by point, it does require that the nonmoving party submit potentially determinative facts and identify factual disputes which the nonmoving contends precludes summary judgment." *Rayl v. Decision One Mortg. Co.*, 2003 WL 21989992, at *1 (S.D. Ind. 2003). Plaintiff makes no effort to address Stryker's proffered facts, much less controvert or dispute them. This is hardly surprising given that Plaintiff does not even make an effort to properly cite to her own evidence.

Instead, Plaintiff submits her own "facts," which are largely unresponsive. "While it is certainly proper, if not necessary, for a nonmovant to submit additional, unresponsive facts when opposing a summary judgment motion, failure to respond to the movant's facts may be perilous to the nonmovant's case. Indeed, the very language of L.R. 56.1(e) warns a nonmovant that uncontroverted facts, properly supported by admissible evidence, will be assumed admitted by the Court." *Id.* Such is the case here.

3

But mere compliance with Local Rule 56.1 would not have saved the day for Plaintiff given that her evidence is not admissible.  Plaintiff's evidence consists of unauthenticated information obtained from Stryker's website [Docket No. 55, Ex. D], unauthenticated hearsay evidence from an MSN Money uniform resource locator ("URL") [Docket No. 55, Ex. C],[1] and unauthenticated brochure information solicited by Plaintiff's attorney, Mary Beth Ramey, directly from HOC, in contravention of the Indiana Professional Rules of Conduct [Docket No. 55, Exs. A-B].

While the deficiency of Plaintiff's exhibits C and D requires little discussion, the ethical violation that ultimately dooms Plaintiff's first two exhibits warrants further comment.  Plaintiff's counsel directly contacted HOC, a represented party, under the disingenuous pretense of a potential consumer seeking orthopaedic replacement options.  She did this even though a lawyer may not ethically communicate "about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law or a court order."  Rule 4.2.  Nor does she deny or attempt to explain the circumstances of her contact with HOC.

Rule 4.2 "preserves the integrity of the lawyer-client relationship by prohibiting contact, absent consent or legal authorization, with the represented party" and recognizes the unfair advantage an attorney can wield over the a non attorney.  *In re Air Crash*, 909 F. Supp. 1116, 1121 (N.D. Ill. 1995).  It is "designed to prevent counsel from overreaching and exploiting

---

[1] Even had Plaintiff authenticated exhibits C and D, they would remain fatally flawed as inadmissible hearsay evidence.  *See U.S. v. Jackson*, 208 F.3d 633, 637-38 (7th Cir. 2000) (web postings were inadmissible on the basis that they were hearsay and unauthenticated); *Wendler & Ezra, P.C. v. American Intern. Group Data Ctr. Inc.*, 2006 WL 726241, at * 3-4 (S.D. Ind. March 15, 2006) (same).

uncounseled employees into making ill-considered statements or admissions." *Id*. (internal citation omitted).  In lay terms, "lawyers cannot trick protected employees into doing things or saying things they otherwise would not say or do."  *Hill v. Shell Oil Co.*, 209 F. Supp. 2d 876, 880 (N.D. Ill. 2002).

In this products liability lawsuit, HOC and Stryker are represented by counsel.  Neither entity's counsel authorized ex parte contact between Plaintiff's counsel and Defendants' employees [Douglas Bates Decl. ¶ 4], nor has the Court authorized any such contact.  Yet Plaintiff's counsel, knowing that Defendant HOC is represented by counsel, solicited information from HOC about its hip replacement system -- the very subject matter of the instant litigation.  This constitutes a blatant violation of Rule 4.2.  Thus, the Court sustains Stryker's objection and rejects the evidence Plaintiff's counsel solicited from HOC.

## IV.    Discussion.

Plaintiff alleges that Stryker "designed, promoted, marketed, manufactured, assembled and sold" the product at issue in this litigation.  [Docket No. 1, Ex. 1, p. 2.]  She also alleges that: (1) the product was negligently designed; (2) Stryker "failed to warn of the system's propensity for failure"; and (3) Stryker's "negligence and carelessness in the manufacture, design, and failure to warn" caused her injury.  [*Id*. at p. 3.]  Plaintiff herself acknowledges that she has arrived at the "put up or shut up" juncture of this litigation.  [Docket No. 55, p. 3.]  No longer can she rest on the allegations in her pleadings.  *Del Signore v. Asphalt Drum Mixers*, 182 F. Supp. 2d 730, 737 (N.D. Ind. 2002).  The Court previously afforded Plaintiff an opportunity to

develop the factual record to support her claims against Stryker,[2] but she failed to do so.

Although neither party deemed it necessary to address the law, the Court does so briefly here.  Indiana law controls the substantive issues in this diversity lawsuit and the Indiana Product Liability Act ("IPLA") dictates the outcome of Plaintiff's claims against Stryker.  *First National Bank and Trust Corp. v. American Eurocopter Corp.*, 378 F.3d 682, 689 (7th Cir. 2004).  In pertinent part, a products liability action by IPLA definition "means an action that is brought: (1) against a manufacturer or seller of a product. . . ."  Ind. Code § 34-6-2-115.  The act defines seller as "a person engaged in the business of selling or leasing a product for resale, use, or consumption."  Ind. Code § 34-6-2-136.  Manufacturer "means a person or an entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or a component part of a product before the sale of the product to a user or consumer. . . ."  Ind. Code § 34-6-2-77.  As a threshold matter, Plaintiff must raise a triable issue concerning Stryker's status as a manufacturer or seller of the allegedly defective product to avoid summary judgment.  Next, Plaintiff must raise a triable issue regarding which entity sold, leased, or otherwise placed the allegedly defective product into the stream of commerce.  *See* Ind. Code § 34-20-2-1.[3]  She fails in both regards.

The uncontroverted record in this case -- as skeletal as it is -- shows that HOC is a wholly-owned subsidiary of Stryker formed from the merged entities Osteonics Corporation and

---

[2] The Court did so by denying Stryker's motion to dismiss.  [See Docket No. 25, p. 6; Docket No. 63.]

[3] Pursuant to Ind. Code § 34-20-2-1, "a person who sells, leases, or otherwise puts into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer. . . is subject to liability for physical harm caused by that product to the user or consumer. . . ."

Howmedica.  [Pl. Compl. ¶ 4; HOC's Answer ¶ 4.]  At all times relevant to this lawsuit, HOC

has been informally known as "Stryker Orthopaedics."  [Docket No. 62, Ex. B1.]  As such, it is a

distinct corporate entity from Stryker with its own corporate headquarters in New Jersey.[4]

[Michael Puca Decl. ¶ 5.]  HOC, not Stryker, designed, manufactured, assembled, and sold the

orthopaedic implant at issue in this case.  [Puca Decl. ¶ 4; Pl. Compl. ¶ 5; HOC's Answer ¶ 5.]

       Plaintiff does not proffer any admissible evidence from which a reasonable jury might

conclude that Stryker sold or manufactured the orthopaedic implant that allegedly injured

Plaintiff.  Plaintiff has only Stryker's status as HOC's parent company to support her claims

against Stryker.  This evidence alone is ineffectual because it ignores the "general principle of

corporate law. . .that a parent corporation. . . is not liable for the acts of its subsidiaries." *United*

*States v. Bestfoods*, 524 U.S. 51, 60 (1998).  The record is bereft of any evidence that Stryker

sold, leased, or otherwise placed the allegedly defective hip replacement system into the stream

of commerce.  Evaluating the evidence in a light most favorable to Plaintiff, HOC and not

Stryker is the seller and manufacturer of the hip replacement system at issue in this case.

       Plaintiff's evidence simply does not satisfy her Rule 56 burden of raising a genuine issue

of fact under the IPLA.  Thus, Stryker is entitled to summary judgment as to Plaintiff's products

liability claim.  *See Williams v. REP Corp.*, 302 F.3d 660, 663-66 (7th Cir. 2002) (company

entitled to summary judgment where plaintiff failed to produce evidence that it sold, leased, or

otherwise placed into the stream of commerce an allegedly defective machine).

---

[4] Stryker's corporate headquarters are located in Michigan.

**V.      Conclusion.**

Construed in a light most favorable to Plaintiff, Stryker did not design, manufacture, assemble, or sell the orthopaedic implant at issue in this case.  Consequently, the Magistrate Judge finds that Stryker is entitled to judgment in its favor as a matter of law and recommends that its motion for summary judgment [Docket No. 32] be GRANTED.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within the ten days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  06/29/2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies:

Mary Beth Ramey
RAMEY & HAILEY
office@sprynet.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

John David Hoover
HOOVER HULL BAKER & HEATH LLP
jdhoover@hoolverhull.com

Sarah Stites Fanzini
HOOVER HULL BAKER & HEATH LLP
sfanzini@hooverhull.com

William Joseph Spalding
HOOVER HULL BAKER & HEATH LLP
wspalding@hooverhull.com