UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICKIE THORNBURG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:05-cv-1378- RLY-TAB |
| ) | |
| STRYKER CORPORATION, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO SPECIFY NAMES/ADDRESSES AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

On January 27, 2006, this Court issued a report and recommendation that, among other things, denied Plaintiff's motion to remand her products liability/medical malpractice lawsuit to the Marion Superior Court. [Docket No. 25.] In doing so, the Court recognized that "Indiana's medical malpractice act precludes Plaintiff from naming the medical malpractice Defendants while her claim is pending before the medical review panel." [*Id*. at p. 2.] Obdurately, Plaintiff now files two separate motions that seek relief in contravention of the medical malpractice act and this Court's recognition of its applicability.[1]

Plaintiff first filed a motion for leave of Court to specify names and residences of Defendant health care providers. [Docket No. 50.] Seven days later, Plaintiff filed her motion for leave to amend her complaint to name the anonymous medical malpractice Defendants. [Docket No. 53.] Defendants oppose both motions. [Docket Nos. 51-52, 56-57.]

---

[1] The District Judge adopted the Magistrate Judge's report and recommendation. [See Docket No. 63.]

Plaintiff acknowledges that the Indiana state medical review panel has not yet ruled on her medical malpractice claim. [Docket No. 50, ¶ 4.] Nevertheless, with no analysis or supporting authority, Plaintiff endeavors to amend her complaint to identify the anonymous physician and medical group Defendants. [Docket Nos. 50, 53.]

Ordinarily, a court may freely grant leave to amend a complaint when "justice so requires." Fed. R. Civ. P. 15(a). However, a court may deny leave where undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility exists. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (*citing Foman*).

In this case, the medical malpractice act constrains Plaintiff's ability to name the medical malpractice Defendants until after the medical review panel renders its opinion on her claim. Ind. Code §§ 34-18-8-4, 34-18-8-7. Until the medical review panel opines on her claim, Plaintiff's proposed amendment is futile. *See Hubbard v. Columbia Women's Hosp. of Indianapolis*, 807 N.E.2d 45, p. 51-52 (Ind. Ct. App. 2004) (trial court properly dismissed plaintiff's medical malpractice complaint where plaintiff identified medical malpractice defendants prior to a disposition by the medical review panel). Thus, this Court is well within its discretion in denying Plaintiff's motions.

For the reasons stated above, Plaintiff's motion for leave to specify the names and addresses of the medical malpractice Defendants [Docket No. 50] and motion for leave to amend

complaint [Docket No. 53] are DENIED.  This denial is without prejudice as to Plaintiff's ability to renew these motions as may be appropriate in the future, consistent with this order.

Dated:  June 29, 2006

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies:

Mary Beth Ramey
RAMEY & HAILEY
office@sprynet.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

John David Hoover
HOOVER HULL BAKER & HEATH LLP
jdhoover@hoolverhull.com

Sarah Stites Fanzini
HOOVER HULL BAKER & HEATH LLP
sfanzini@hooverhull.com

William Joseph Spalding
HOOVER HULL BAKER & HEATH LLP
wspalding@hooverhull.com